# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATCH OF LAND LENDING, LLC, | Civil Action No. 16-9293 (SRC) |
| Plaintiff, | **OPINION** |
| v. | |
| RR CHADWICK, LLC, et al., | |
| Defendants. | |

**CHESLER**, District Judge

    This matter comes before the Court on the motion for summary judgment filed by Plaintiff Patch of Land Lending, LLC ("Plaintiff" or "POL Lending"). Defendants RR Chadwick, LLC and Ruben Rodriguez have not opposed the motion, in spite of three extensions granted by the Court. On its review of the papers submitted, the Court proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, POL Lending's motion for summary judgment will be granted.

## I. BACKGROUND

    This is a commercial foreclosure action. The lender is Plaintiff POL Lending, a Delaware limited liability company. Plaintiff's sole member is Patch of Land, Inc., a Delaware corporation headquartered in California. The borrower is Defendant RR Chadwick, a New Jersey limited liability company. Defendant's sole member is Ruben Rodriguez, who is domiciled in the state

1

of New Jersey. Mr. Rodriguez, the loan's guarantor, is also named as a defendant. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

The uncontroverted facts material to Plaintiff's claims are as follows:

On August 13, 2015, borrower RR Chadwick executed and delivered to POL Lending a promissory note in the principal amount of $113,000.00, plus interest on the unpaid principal balance (the "Note"). The Note required RR Chadwick to make monthly interest-only payments on the unpaid principal balance at the annual rate of 13%, beginning on October 1, 2015 through the term of the loan. It also required a balloon payment of the principal amount, and all outstanding unpaid interest, to be made on the loan's maturity date of August 13, 2016. The Note provides that in the event the borrower failed to pay an installment or any other sum at the time it was due, the borrower would be deemed in default, and the interest on the unpaid principal balance would increase to 24% or the maximum rate allowed by law. Moreover, the Note provides that RR Chadwick shall pay attorneys' fees and costs incurred by POL Lending in connection with collection or enforcement of the Note.

To secure repayment of the loan, RR Chadwick executed on August 13, 2015 a mortgage in favor POL Lending (the "Mortgage"). The Mortgage grants POL Lending, and its successors and assigns, all of RR Chadwick's right, title and interest in the real property known as 397 Chadwick Avenue, Newark, New Jersey (Essex County, Block 3594, Lot 60) (the "Mortgaged Property"). Under the terms of the Mortgage, a failure to pay the loan's interest installments, the principal balance or any other indebtedness due under the Note constitutes an event of default and entitles POL Lending, among other remedies available, to file suit "to enforce payment of the Mortgage Loan" and "to foreclose this Mortgage judicially or non-judicially." (Fritton Aff.,

Ex. C, ¶ 44.) RR Chadwick delivered the Mortgage to POL Lending on August 13, 2015. Thereafter, POL Lending perfected the Mortgage by filing it with the Office of the Register of Deeds and Mortgages of Essex County, New Jersey. The Mortgage was recorded on September 26, 2015.

POL Lending obtained additional security for the repayment of the Note. Two other documents were executed by Defendants on August 13, 2015. RR Chadwick executed and delivered to POL Lending a Security Agreement. It grants POL Lending, and its successors and assigns, a continuing security interest and first lien upon RR Chadwick's personal property, as more specifically identified in the Security Agreement (the "Collateral"). POL Lending perfected the Security Agreement by filing a UCC Financing Statement with the Department of the Treasury, State of New Jersey, on August 21, 2015. Mr. Rodriguez executed a personal guaranty of the commercial loan made by POL Lending to RR Chadwick and all of RR Chadwick's indebtedness under the Note (the "Guaranty").

RR Chadwick defaulted on the Note and Mortgage. It did not make any of the interest-only installment payments due during the term of the loan nor did it make the balloon payment due on the Note's maturity date of August 13, 2016. POL Lending mailed a written notice of default to borrower RR Chadwick and to guarantor Rodriguez on October 27, 2016, notifying them of the "Events of Default" under the loan documents. The letter advised that, as of the date of the letter, the total amount due and owing was $144,022.17. It further provided RR Chadwick and Rodriguez ten days from the date of the letter, or until November 7, 2016, to cure the default by paying the total amount due, plus per diem interest at the default interest rate of 24%. Neither RR Chadwick nor Mr. Rodriguez cured the default within the ten-day period.

On December 16, 2016, POL Lending filed the instant lawsuit to collect the amounts due and owing under the Note and Guaranty (Counts One and Two of the Complaint) and to pursue its right of foreclosure under the Mortgage and Security Agreement (Counts Three and Four).

II. DISCUSSION

Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (construing the similarly worded Rule 56(c), predecessor to the current summary judgment standard set forth in Rule 56(a)). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court "must view the evidence 'in the light most favorable to the opposing party.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). It may not make credibility determinations or engage in any weighing of the evidence. Anderson, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (holding same).

When, as in this case, the party moving for summary judgment has the burden of proof at trial, "that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "Once a moving party with the burden of proof makes such an affirmative showing,

it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." Id. (citing Fed. R. Civ. P. 56(e) and Four Parcels, 941 F.2d at 1438).

In the action before the Court, the non-moving parties, Defendants RR Chadwick and Rodriguez, have not opposed the motion for summary judgment. Nevertheless, the Court may not grant a motion for summary judgment simply because it is unopposed. Rather, the Court must assess whether summary judgment is appropriate under Rule 56. Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); Robbins v. U.S. Foodservice, No. 11-cv-4599 (JBS), 2012 U.S. Dist. LEXIS 124665, 2012 WL 3781258, at *3 (D.N.J. Aug. 30, 2012) ("The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is 'appropriate'" as required by Rule 56).

Upon examining the uncontroverted material facts and the applicable law, the Court finds that Plaintiff is entitled to summary judgment on all claims set forth in the Complaint. Under New Jersey law, "[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd 273 N.J. Super. 542 (App. Div. 1994); see also Wells Fargo Bank v. Zelaya, No. 11-6807, 2012 U.S. Dist. LEXIS 44881, at *8 (D.N.J. Mar. 30, 2012) (quoting Great Falls Bank v. Pardo and applying its holding to grant default judgment in a mortgage foreclosure action). The record shows that Defendant RR Chadwick executed the Note, the Mortgage and the Security Agreement on August 13, 2015 and that it delivered these documents to POL Lending. It also shows that Defendant Rodriguez executed the Guaranty on that same date. POL Lending has

proffered evidence demonstrating that it had the Mortgage recorded in the Essex County, New Jersey Register of Deeds and Mortgages and filed the appropriate UCC statement with the State of New Jersey's Department of the Treasury to perfect the Security Agreement. Moreover, Plaintiff has, through the May 16, 2017 Affidavit of POL Lending President Jason Fritton, and its attached documents, proffered uncontroverted evidence that Defendants have defaulted under the terms of the Note, Mortgage, Security Agreement and Guaranty. The validity of these documents is not in dispute, nor is the breach of Defendants' obligations thereunder.

In short, POL Lending has met its burden under Rule 56(a). It has demonstrated, without dispute, that it holds a valid Mortgage and that it is entitled to resort to the Mortgaged Property to collect on amounts due and owing by Defendants. Additionally, it has provided the Court with proof of the amounts it claims it is owed by RR Chadwick and Mr. Rodriguez. According to the Fritton Affidavit, Defendants owe POL Lending the total sum of $158,127.53. (Fritton Aff., ¶ 33 and Ex. F.) This amount is calculated as of April 21, 2017 and consists of the unpaid principal of $113,000.00, accrued and unpaid interest in the amount of $42,720.27, unpaid late charges in the amount of $813.60, unpaid charges in the sum of $1,475.66, and other fees in the amount of $118.00. (Id.) POL Lending also seeks non-default interest at the rate of 13% per year from April 22, 2017 and thereafter, which amounts to a per diem of $75.85. Based on the foregoing, POL Lending is entitled to summary judgment on its claims for relief in this action.

### III. CONCLUSION

Summary judgment shall be entered in favor of Plaintiff POL Lending and against Defendants RR Chadwick, LLC and Ruben Rodriguez. An appropriate Order will be filed.

                                                  s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                               United States District Judge

Dated: January 10, 2018