UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |                           |
|--------------------------|---------------------------|
| POL X, LLC,              | Civil Action No. 16-9293 (SRC) |
| Plaintiff,               | **OPINION & ORDER**       |
| v.                       |                           |
| RR CHADWICK, LLC, et al.,|                           |
| Defendants.              |                           |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by Plaintiff POL X, LLC ("Plaintiff") for entry of a writ of assistance [ECF 52]. Specifically, Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue a writ of assistance so that Plaintiff can take possession of a parcel of real property acquired by Plaintiff in a foreclosure sale. For the reasons that follow, this motion will be denied.

By way of background, Plaintiff held a mortgage on the real property located at 397 Chadwick Avenue, Newark, New Jersey 07112 (the "Property"). Plaintiff initiated this foreclosure action to collect amounts due under its loan to Defendants and to pursue its right of foreclosure. On January 17, 2018, this Court entered default judgment in favor of Plaintiff, ordering, in relevant part, that the Property be sold. A foreclosure sale occurred on May 8, 2019. Plaintiff purchased the Property. On November 4, 2019, the Court entered an order confirming the foreclosure sale, and thereafter, Plaintiff recorded its deed to the Property with the Essex County Register of Deeds and Mortgages.

1

Plaintiff now brings this motion for the Court's assistance in obtaining possession of the Property. Plaintiff states that "upon information and belief, the property is currently occupied by commercial tenants of the Defendant . . .," (Pl. Br. at 5, ECF 54), which it argues deprives Plaintiff of possession. Plaintiff maintains that it is entitled to possession of the Property as "the owner of the subject property pursuant to the foreclosure sale and recorded deed" (id.) and thus seeks a writ from the Court enforcing its prior orders and directing the U.S. Marshal's Service to serve the writ on the current occupants. Plaintiff essentially seeks an order of eviction.

The motion, however, fails to provide any authority for the Court to grant such relief. Plaintiff was provided with an opportunity to supply the legal and factual bases for its application for a writ of assistance, but its supplemental brief does not cite any cases which are directly on point. Nor does it provide the appropriate grounds for the writ. A writ of assistance is an exercise of a court's equitable power to enforce its own orders or judgments "and thereby avoid relitigation of questions once settled between the same parties." Wesch v. Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993); see also Fed. R. Civ. P. 70(a) (authorizing the Court, when presented with a disobedient party, to order another person to carry out a judgment that "requires a party to convey land, to deliver a deed or other document, or to perform any other specific act.). Here, the Court entered judgment authorizing a foreclosure sale and, later, entered an order confirming that sale. While Plaintiff argues that this Court's orders entitle it to possession of the Property, it does not point to an order in which the Court determined Plaintiff's rights of possession as against the Property's current occupants. The Court's orders in this case are limited to the remedy of foreclosure. Plaintiff once held a mortgage on the Property and prevailed in this action in enforcing its right of foreclosure. That it now holds the deed to the Property gives it no greater right to the Court's assistance in enforcing its ownership rights than if the deed had been

acquired by some third party in the foreclosure sale. Additionally, the Court notes that there is no indication that the potentially affected individuals or entities, that is, the current occupants of the Property, are or were at any time parties to this action. Nor is there any indication that the current occupants have been given proper notice, or any notice at all, of the instant application.

In short, Plaintiff has not demonstrated that a writ would serve to enforce the Court's own orders or judgments and therefore has not demonstrated that there is a basis for issuing the writ of assistance. Accordingly,

**IT IS** on this 10th day of March, 2020,

**ORDERED** that Plaintiff's motion for a writ of assistance [ECF 52] be and hereby is **DENIED**.

                                                     s/ Stanley R. Chesler  
                                                STANLEY R. CHESLER  
                                             United States District Judge